UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * * * | |
| v. | * | Criminal Action No. 17-cr-10321-ADB |
| KEVIN FRAGA. | * * * * * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S RENEWED MOTION FOR CHANGE OF CONDITIONS

BURROUGHS, D.J.

Presently before the Court is Kevin Fraga's renewed motion for change of conditions of incarceration. [ECF No. 69]. For the reasons explained herein, the motion, [ECF No. 69], is GRANTED.

### I.   FACTUAL BACKGROUND

On November 1, 2017, Fraga pled guilty to conspiracy to possess fentanyl, heroin, and cocaine with intent to distribute, in violation of 21 U.S.C. § 846. [ECF No. 30]. He was subsequently sentenced to forty-five months' incarceration, followed by five years of supervised release. [ECF Nos. 60, 61]. After his sentencing in January 2020, Fraga was not immediately moved to a federal facility but instead remained incarcerated at the Norfolk County House of Correction in Dedham, Massachusetts, a state facility, through early April 2020. [ECF No. 63 at 1]. He was then transferred to a federal facility. See [ECF No. 65]. Having served the majority of his sentence prior to his sentencing, Fraga was eligible for transfer to a halfway house in June 2020, but his transfer was suspended due to the COVID-19 pandemic. [ECF No. 69 at 1]. Fraga

is scheduled to be released on October 26, 2020.  [Id.].  He now asks that he be released early to home confinement at his father's home in Hyannis, Massachusetts.  [Id. at 2].

The Court assumes familiarity with the ongoing COVID-19 pandemic and the risk to inmates within the federal prison system.  The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 spreads mainly among people who are in close contact (within about 6 feet) for a prolonged period," and recommends that individuals practice "social distancing" because "keeping space between [individuals] is one of the best tools we have to avoid being exposed to this virus and slowing its spread" locally and across the country and world.  Social Distancing: Keep a Safe Distance to Slow the Spread, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last updated July 15, 2020).  The CDC has also issued guidance specific to correctional facilities, recognizing that "[a]lthough social distancing is challenging to practice in correctional and detention environments, it is a cornerstone of reducing transmission of respiratory diseases such as COVID-19."  Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last updated July 22, 2020).

## II.     PROCEDURAL BACKGROUND

On April 2, 2020, Fraga filed his initial motion, in which he sought early release and cited the risk of contracting COVID-19 while incarcerated. [ECF No. 63].  The Government opposed the motion.  [ECF No. 65].  The Court denied the motion with leave to renew, noting that Fraga had failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP").

[ECF No. 67]. On September 21, 2020, Fraga renewed his motion. [ECF No. 69]. The Government takes no position on the motion.

### III.     DISCUSSION

Fraga seeks release under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 69 at 1]. Previously, incarcerated defendants could only seek release under this statute upon motion of the BOP. The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies.

Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to community, . . . ; and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Fraga has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

3

punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant the release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Given the uncertain status of the prerelease program due to COVID-19 and Fraga's repeated efforts to pursue prerelease, the Court finds that he has made best efforts to exhaust his administrative remedies. See [ECF No. 69 at 1–2]. The Court must therefore determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.

### A.     "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Were it not for COVID, Fraga would already have been transferred to a community setting such as a Residential Re-Entry Facility.  See [ECF No. 69 at 1 (noting that he was initially given a date for prerelease but that his placement was cancelled due to COVID-19)].  Such a facility would have provided Fraga with an important transitional stepping-stone between incarceration and supervised release, as well as improved opportunities for social distancing per CDC guidelines.  Although some courts have found that COVID-19 alone is not a sufficient "other reason" under § 1B1.13, see United States v. Curtis, No. 14-cr-00140, 2020 U.S. Dist. LEXIS 102045, at *13 (D. Me. June 11, 2020) (noting that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release" (quoting United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)), the risk of COVID-19 provides an additional—rather than singular—reason to grant Fraga's request.

Fraga will be required to quarantine, self-isolate, and socially distance for two weeks upon his release, and will be subject to a curfew for an additional two weeks.  Thus, the conditions upon his release to home confinement will place him at less risk than his present incarceration, provide significant restrictions on his freedom in recognition of the remaining portion of his sentence, and allow him the transition period he would have otherwise obtained through prerelease.

  **B.**  **Dangerousness**

In addition to the factors supporting Fraga's release as set forth above, the Court must also consider whether Fraga is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  In this case, Fraga's sentence does not arise from a crime of violence.  The Court is confident that any risks to public safety may be sufficiently addressed with its

5

conditions of supervised release.  The Court again notes that Fraga would be released in about a month even without this motion having been filed or granted.

### C. The § 3553(a) Factors

Finally, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  The Court weighs these factors against the reasons favoring Fraga's immediate release.  United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Compassionate release at this point, with only a month left on Fraga's sentence, would further the goal of imposing a sentence that is "sufficient but no greater than necessary." United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016) (referring to this as the "parsimony principle" and affirming sentence).  Courts have observed that, in light of the ongoing COVID-19 pandemic, a sentence "that *was* sufficient but no greater than necessary" may now become "one immeasurably greater than necessary."  United States v. Park, No. 16-cr-00473, 2020 WL

1970603, at *5 (S.D.N.Y. Apr. 24, 2020) (emphasis added).  Fraga has served a substantial portion of his forty-five month sentence and would have already been transferred to a halfway house or other residential facility were it not for COVID-19.  The Court cannot conclude that the deterrent or punitive value of the remaining month of his federal sentence outweighs the reasons supporting compassionate release for Fraga, especially when he will be released pursuant to stringent standards imposed by this Court.  Further, at this point in his sentence, the need for a controlled, structured, transitional release is more important that whatever further punitive or deterrent benefit there is to be gained from incarceration for an additional thirty days.

## IV.     CONCLUSION

The Court finds that, considering the circumstances of Fraga's confinement, including that he has only one month of his sentence remaining and would have already been transferred to a half-way house or similar facility, compassionate release is warranted in this case.  Accordingly, Fraga's motion for compassionate release, [ECF No. 69], is <u>GRANTED</u>.

The Court hereby adds the following conditions to the supervised release conditions previously imposed by the Court: (1) upon release from prison, Fraga will spend two weeks strictly quarantining at his father's residence.  He will go directly from the prison to his father's house and will not leave there for two weeks without the permission of U.S. Probation; (2) after this two week period, Fraga will be subject to a curfew for an additional two weeks.  Under this curfew, he will be required to remain in his father's house between 7:00 p.m. and 7:00 a.m.  Whether or not this curfew will be enforced by electronic monitoring will be left to the discretion

of U.S. Probation.  Fraga is cautioned that any failure to strictly adhere to these conditions will result in his immediate re-incarceration.

    **SO ORDERED.**

September 24, 2020                                               /s/ Allison D. Burroughs
                                                                                  ALLISON D. BURROUGHS
                                                                                  U.S. DISTRICT JUDGE